IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ASPIRUS DOCTORS CLINIC, INC.,

                                                                  OPINION AND ORDER

            Plaintiff,

                                                             12-cv-254-bbc

     v.

JOHN A. GLAVIN and GABRIELLE GLAVIN,[1]

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant John A. Glavin has filed a notice of removal of a state small claims action filed in the Circuit Court for Juneau County, Wisconsin.  In the underlying complaint, plaintiff Aspirus Doctors Clinic seeks payment of $3416.60 owed by defendant and by codefendant Gabrielle Glavin.

      Under 28 U.S.C. § 1446(c)(4), a district court is to examine a notice of removal to determine whether it appears from its face and any attached exhibits that an order for summary remand must be issued.  An action may be removed from state to federal court if the federal district court would have had original jurisdiction over the complaint had it been filed originally in the federal court. 28 U.S.C. § 1441.  In determining whether removal is proper under § 1441, a district court must construe the removal statute narrowly and resolve

---

[1] For the sake of clarity, I will refer to defendant John Glavin as "defendant" throughout this opinion.

1

any doubts regarding subject matter jurisdiction in favor of remand. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993); Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 576 (7th Cir. 1982). Generally, federal courts have the authority to hear two types of cases: (1) cases in which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law, 28 U.S.C. § 1331; and (2) cases in which a citizen of one state alleges a state law claim against a citizen of another state that amounts to more than $75,000. 28 U.S.C. § 1332.

In his notice of removal, defendant invokes the court's federal question jurisdiction, arguing that the state court is depriving him of his Seventh Amendment right to a trial by jury. However, there is no question that a small claims action for payment of money owed is a state claim rather than federal claim. In certain cases, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues," Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 312 (2005), but it is well-settled that no one has a federal constitutional right to a trial by jury in a state civil action. McDonald v. City of Chicago, 130 S. Ct. 3020, 3046 n.30 (2010). Nor does defendant attempt to invoke the court's diversity jurisdiction. (In any case, such an attempt would be futile because the amount in controversy falls well short of $75,000.) Because this court cannot exercise jurisdiction over this case, it must remand the case to state court.

ORDER

IT IS ORDERED that this case is REMANDED to the Circuit Court for Juneau County, Wisconsin.

Entered this 3d day of July, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge